UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | |
| PAUL VILLANUEVA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 11 C 4310 |
| | ) | |
| KEITH ANGLIN, Warden, | ) | Judge John W. Darrah |
| Danville Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Paul Villanueva filed a Petition for a Writ of *Habeas Corpus* pursuant

to 28 U.S.C. § 2254 against Keith Anglin, Warden of Danville Correctional Center,

Illinois.

## BACKGROUND

On May 3, 2004, Villanueva pleaded guilty to first-degree murder in exchange for

a twenty-five-year sentence of imprisonment and dismissal of other pending charges. At

the hearing, the trial court informed Villanueva: "First degree murder carries with it a

possible penalty of not less than 20 nor more than 60 years in the Illinois Department of

Corrections and a period of mandatory supervised release ["MRS"] of three years." [1]

---

[1] Under Illinois statute, Villanueva is required to serve a three-year term of MSR.
*See* 730 ILCS 5/5-8-1(d)(1). Mandatory supervised release was formerly referred to as
"parole." *See People v. Henderson*, 838 N.E.2d 978, 1056 (Ill. App. Ct. 2005) (noting
that "as part of the Public Act 80–1099 (Pub. Act 80–1099, eff. February 1, 1978 (1977
Ill. Laws 3264), the concept of parole was eliminated and mandatory supervised release
(MSR) was created.").

(Dkt. No. 1, Ex. A at 6.) The trial court then asked petitioner, "[did] anyone promise you anything other than what your sentence would be, and that is 25 years in the Illinois Department of Corrections . . . to get [] you to plead guilty?" Petitioner responded, "No one promised me anything."

Later at the hearing, the trial court stated: "Mr. Villanueva, pursuant to the conference that has taken the greater part of today and the disposition arrived at and agreed to by the parties and the Court, your sentence is 25 years in the Illinois Department of Corrections, and you will be given credit for 1,250 days that you've already served. Do you understand your sentence?" Villanueva indicated that he understood his sentence. The trial court did not refer to MSR in imposing the sentence. Nor did Villanueva's Order of Sentence and Commitment refer to MSR.[2]

On December 15, 2006, Villanueva learned for the first time about this three-year MSR requirement from another inmate, Lawrence Sceerey. (Villanueva Aff. ¶ 5.) Villanueva reviewed his sentence calculate sheet and order of sentencing and confirmed that neither of these documents mentioned that his sentence included three years of MSR. (*Id.* ¶ 6.) Villanueva then ordered the transcript of his plea and sentencing proceeding and confirmed that he was not informed that MSR was included in his sentence. (*Id.* ¶ 7.)

---

[2] Petitioner argues that although the Court secured Villanueva's understanding of the specific three-year period of MSR as a "sentencing possibility," subsequently, when announcing the terms of the plea agreement, the court did not include the term of MSR. (Br. at 7.) The parties do not explain why the petitioner, having understood that a period of post-incarceration supervised release was *mandatory*, should have been subsequently advised that it was a *possibility* pursuant to his plea agreement. However, in light of the following opinion, this is an issue which need not be resolved.

On April 29, 2007, Villanueva placed in the prison mail system a *pro se* petition for post-conviction relief under the Illinois Post-Conviction Hearing Act, *see* 725 ILCS 5/122-1, *et seq.* Villanueva argued that the addition of a three-year term of MSR to his sentence denied him the benefit of his bargain under *People v. Whitfield*, 840 N.E.2d 658 (Ill. 2005) (*Whitfield*). *Whitfield* holds that "due process is violated when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, prior to accepting his plea, that a mandatory supervised release term will be added to that sentence." *Whitfield*, 840 N.E.2d. at 669. The trial court dismissed the petition, holding that the trial court properly admonished Villanueva about his MSR requirement.

Villanueva appealed, making the same argument to the Illinois Appellate Court. The Illinois Appellate Court rejected Villanueva's claim, holding that the trial court's admonishment was sufficient to inform petitioner of the MSR term. Villanueva filed a PLA, which was denied by the Illinois Supreme Court; but the Illinois Supreme Court issued a supervisory order, instructing the appellate court to vacate its judgment and reconsider its decision in light of *People v. Morris*, 925 N.E.2d 1069 (Ill. 2010) (*Morris*), in which the Illinois Supreme Court held that it had created a new rule in *Whitfield*, and, therefore, the *Whitfield* rule did not apply retroactively to guilty pleas entered before December 20, 2005.

On remand, Villanueva acknowledged that he pled guilty and that his conviction became final before December 20, 2005. Villanueva, however, argued that his due-process rights were violated pursuant to *Santobello v. New York*, 404 U.S. 257 (1971)

3

(*Santobello*), because he was denied the benefit of his bargain. The Illinois Appellate

Court affirmed, noting:

> *Morris* recognized that *Whitfield* relied on *Santobello*. Therefore, *Santobello* is not independent of *Whitfield*, and [petitioner] cannot avoid *Morris* by relying on *Santobello* instead of *Whitfield*. We reject [petitioner]'s argument that the law applicable to his benefit of the bargain argument begins and ends in 1971 with *Santobello*."

See *People v. Villanueva*, No. 1-08-1259 (Ill. App. July 15, 2010) (Doc. 1-1 at 6-7).

The Illinois Supreme Court denied Villanueva's ensuing PLA on

November 24, 2010. On February 24, 2011, Villanueva filed a petition for a writ of

*certiorari*, which the United States Supreme Court denied on April 25, 2011. On July 24,

2011, Villanueva filed this Petition for a Writ of *Habeas Corpus*.

## LEGAL STANDARD

*Habeas corpus* relief will not be granted unless the state court's adjudication of a

claim resulted in a decision that "was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of

the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d)(2). The federal court deferentially reviews the

decision of the last state court. *Griffin v. Pierce*, 622 F.3d 831, 841 (7th Cir. 2010).

State-court factual findings are presumed to be correct unless the petitioner rebuts this

presumption with "clear and convincing evidence." *Schriro v. Landrigan*, 550 U.S. 465,

473-74 (2007) (citing 28 U.S.C. § 2254(e)(1)).

A federal *habeas* court "may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003). The court can issue a writ only if it determines that the state court's application of federal law was "objectively unreasonable." *Williams v. Taylor*, 562 U.S. 362, 409 (2000). It is a difficult standard to meet because unreasonable means "something lying well outside the boundaries of permissible differences of opinion." *McFowler v. Jaimet*, 349 F.3d 436, 447 (7th Cir. 2003).

## ANALYSIS

### *Statute of Limitations*

Respondent argues that Villanueva's petition should be dismissed because it is untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA") which imposes a one-year statute of limitations for filing *habeas* petitions. 28 U.S.C. § 2244(d)(1). Specifically, the statute provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence.

For Villanueva, the limitations period should be determined by application of 28 U.S.C. § 2244(d)(1)(D). Villanueva did not learn of his three-year MSR until, at the earliest, December 15, 2006, based on his conversation with Sceery. At the latest, Villanueva learned of his claim on April 3, 2007, when he received a transcript of his plea and sentencing hearing and confirmed that he did not receive an admonishment regarding the MSR from the trial court. Before this, Villanueva would have no reason to "discover through the exercise of due diligence" whether his sentence included MSR. The trial court did not mention MSR when it was sentencing him (though he mentioned MSR prior to sentencing him), and Villanueva's sentencing order did not include MSR. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (holding that § 2244(d)(1)(D) gives petitioners "benefit of a later start date if vital facts could not have been known by the date the appellate process ended.").

The Respondent does not contest that if December 15, 2006 is used as the date to trigger the statute of limitations, Villanueva's petition is timely. Respondent has not met his burden of proving that the Petition is untimely. *Gildon v. Brown*, 384 F.3d 883, 887 (7th Cir. 2004) ("Since the period limitations is an affirmative defense, the state has the burden of showing that the petition is untimely.").

### Procedural Default

A petitioner must present his claims to the Illinois courts, up to and including the Illinois Supreme Court, to avoid procedural default. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). This means that his claims must appear not only in a petitioner's PLA

but also in his filings with the state trial court and intermediate appellate court. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989). Respondent argues that Villanueva did not raise his claim in one complete round of state-court review; rather, Villanueva raised his *Santobello* claim for the first time before the Illinois Appellate Court on remand from his post-conviction PLA.

The Seventh Circuit considers four factors when determining whether a petitioner has fairly presented his federal claim to the state courts: "1) whether the petitioner relied on federal cases that engage in a constitutional analysis; 2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; 3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and 4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation." *Anderson v. Benik*, 471 F.3d 811, 815 (7th Cir. 2006).

Villanueva certainly satisfied the second factor by citing *Whitfield*. With respect to the first factor, although Villanueva did not cite *Santobello*, he relied on state cases that cite *Santobello* and that rely on its constitutional analysis. *See Whitfield*, 217 Ill.2d at 189-190. The Seventh Circuit holds that while "[r]eliance solely on state cases can be problematic . . . if those state cases rest on federal constitutional grounds, they must be accepted on that basis by the habeas court." *Verdin v. O'Leary*, 972 F.2d 1467, 1476 (7th Cir. 1992). Also, by using the "benefit of the bargain" phrase from *Santobello* in his initial post-conviction petition, Villanueva satisfied the third factor. *See Whitfield*, 217 Ill.2d at 184-85 (noting that "the 'benefit of the bargain' claim finds its roots in

*Santobello v. New York*"). Villanueva also satisfied the fourth factor because his claim –

that his due process rights were violated when he was denied the benefit of his plea

agreement – is well-established in the "mainstream of constitutional litigation."

### Due-Process Claim

Turning to the merits of Villanueva's claim, Villanueva argues that his due

process rights were violated because he was denied benefit of his bargain when his plea

agreement was breached when a three-year term of MSR was added to his 25-year

sentence.

Under the AEDPA, the Court's focus is whether the Illinois Appellate Court's

decision "resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of

the United States." *See* 28 U .S.C. § 2254(d)(1).[3]

The United States Supreme Court has never held that a defendant has a due-

process right to be advised of MSR when he enters into a plea agreement. "There is no

[U.S.] Supreme Court precedent for the proposition that a defendant must be advised of a

term of MSR at the time he attempts to enter a plea of guilty. Quite the contrary, the

Court has expressly declined to decide such an issue in the very similar context of

parole." *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006) (*Lockhart*) (citing

---

[3] Villanueva argues that a *de novo* standard of review should be used because the state court did not consider his *Santobello* claim on the merits. (Mot. at 18-23.) *See Dye v. Frank*, 355 F.3d 1102, 1007 (7th Cir. 2004) (when state court does not address a petitioner's claims on the merits, federal court reviews the claim *de novo* on *habeas corpus* review). The Illinois Appellate Court, however, made a merits determination when it stated *Santobello's* holding and determined that *Santobello* did not provide for relief independent of *Whitfield*. (Dkt. No. 1-1 at 17.)

*Hill v. Lockhart*, 474 U.S. 52, 56 (1985), and *Lane v. Williams*, 455 U.S. 624, 630 n. 9 (1982) (*Williams*)); *see U.S., ex rel. Robinson v. Chandler*, No. 08 C 1558, 2011 WL 2149358, at *4 (N.D. Ill. May 25, 2011) (*Robinson*) (denying *habeas* claim where trial court failed to admonish petitioner at plea hearing of mandatory MSR term because there is no U.S. Supreme Court precedent for the proposition that a defendant must be advised of a term of MSR at the time he attempts to enter a plea of guilty) (internal citation omitted); *see also U.S. ex rel. Fogarty v. Dawson*, No. 11 C 40, 2011 WL 117203, at *1 (N.D. Ill. Jan. 7, 2011) (same); *U.S. ex rel. Adams v. Gilson*, No. 05 C 4703, 2008 WL 2704878, at *3 (N.D. Ill. July 8, 2008) (denying *habeas* claim based on procedural default but noting the same).

Because there is no "clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), Villanueva is presented with an "impossible hurdle"; he cannot establish that the state court contradicted or unreasonably applied a federal law when that federal law does not exist. *See id.*, 446 F.3d at 724; *see also Williams*, 529 U.S. at 412 (noting that § 2254(d)(1) "restricts the source of clearly established law to [the U.S. Supreme] Court's jurisprudence").[4]

Attempting to distinguish this authority, Villanueva argues that his claim "also includes a benefit-of-the-bargain claim" rather than "solely an admonishment" claim. Villanueva bases his argument on *Santobello*, arguing that *Santobello* stands for the

---

[4] That Villanueva was not informed of the three-year MSR term at the time or in his sentencing order violated Illinois Supreme Court Rule 402. *See Morris*, 925 N.E.2d at 1082 (holding that Rule 402 "requires that defendants be advised that a term of MSR will be added to the actual sentence agreed upon in exchange for a guilty plea to the offense charged"). But a violation of state law does not, as is the case here, necessarily give rise to a successful *habeas* claim.

"well-established legal precedent that when a petitioner gives up numerous constitutional rights by agreeing to plead guilty, in exchange for a specific sentence, he is entitled to enforce the terms of his agreement as established with the State of Illinois." (Reply at 16.) Villanueva argues that *Lockhart*, and its progeny are not controlling because they do not cite *Santobello* or discuss the right to the benefit of one's bargain when entering a plea agreement.

Villanueva's reliance on *Santobello* does not persuasively demonstrate that the Illinois Appellate Court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In *Robinson*, the court rejected an argument similar to that presented by Villanueva here. There, the court aptly noted:

> The Illinois Supreme Court has delineated two closely related, constitutional challenges often made in attacking a guilty plea. A defendant might challenge his plea on the basis that he did not enter into the agreement knowingly and voluntarily; alternatively, as here, a defendant may challenge his plea on the basis that he was denied the benefit of his bargain. *Lockhart v. Chandler* and the cases cited therein indicate the Seventh Circuit was concerned with the former, but to the extent that there is a distinction, it is one without a difference: the fact remains that the U.S. Supreme Court has never held due process to require an MSR admonishment or any admonition about post-incarceration supervision.

*Robinson*, 2011 WL 2149358, at *4 (citing *Whitfield*, 840 N.E.2d at 663-64).

Villanueva's attempt to distinguish *Lockhart* and cases relying upon *Lockhart*, is not persuasive.

Even if the Court were to consider Villanueva's claim based on *Santobello*, it would still fail. The Seventh Circuit provided this factual background regarding *Santobello*:

> In exchange for the defendant's guilty plea in *Santobello*, the prosecutor agreed to refrain from making a sentencing recommendation. That prosecutor, however, was replaced before sentencing, and the new prosecutor recommended the maximum sentence, which the court imposed. The Supreme Court remanded the case to the state courts, concluding that 'when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration,' the prosecutor must fulfill that promise.

*Gillis v. Grams*, No. 08-2580, 2009 WL 3652203, at *3 (7th Cir. Nov. 5, 2009).

"*Santobello* thus stands for the general proposition that the government must keep its end of a plea bargain." *Id.*

For these reasons, Villanueva has not, and cannot, point to any law "clearly established" by the Supreme Court that provides him with a cognizable due-process right. For this reason, Villanueva's petition for relief is denied.

### Certificate of Appealability

The Court declines to issue a certificate of appealability as to the claim advanced in the *habeas corpus* petition. *See* 28 U.S.C. § 2253(c)(2); Rule 11 of the Rules Governing Section 2254 Cases. For the reasons stated in this order, Villanueva has not made a substantial showing of the denial of a constitutional right. In order to make such a showing, the petitioner must demonstrate "that reasonable jurists could debate whether the challenges in his *habeas* petition should have been resolved differently or that his petition adequately shows a sufficient chance of the denial of a constitutional right that he deserves encouragement to proceed further." *Rutledge v. United States*, 230 F.3d 1041,

1047 (7th Cir. 2000). In this case, a reasonable jurist would not disagree with the Court's ruling.

## CONCLUSION

For the reasons stated above, Paul Villanueva's Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 [1] is denied. A certificate of appealability is not granted.

Date: February 9, 2012

JOHN W. DARRAH
United States District Court Judge